# Exhibit 7

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT NO. |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

| | |
|---|---|
| HERMAN WHITFIELD, Jr., | ) |
| and | ) |
| GLADYS WHITFIELD, | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| v. | ) |
| | ) |
| THE CITY OF INDIANAPOLIS, | ) Jury Trial Requested |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

### I.  Nature of Case

1. This lawsuit seeks money damages against the City of Indianapolis on behalf of a mother and father who watched in anguish while their son was needlessly killed by several of the City's police officers.

### II.  Jurisdiction and Venue

2. This action is brought pursuant to Indiana's Tort Claim Act, Ind. Code, 34-13-3 et seq., and Indiana common law.

3. This Court has original subject matter jurisdiction of the state law questions presented.

4. This Court has venue over this action pursuant to Indiana Rule of Trial Procedure 75 (A).

5. This Court is the preferred venue for this action pursuant to Indiana Rule of Trial Procedure 75 (A) (1) because Marion County is the location of the sole defendant, the residence of the two plaintiffs, and is where the actions giving rise to this case took place.

### III. Parties

6. Plaintiffs Gladys and Herman Whitfield Jr. are the mother and father of Herman Whitfield III, deceased.

7. Defendant City of Indianapolis is located in Marion County, Indiana, and is a political subdivision of the State of Indiana.

### IV. Facts

8. On April 25, 2022, Herman Whitfield, III, was at home undergoing a mental health crisis.

9. Mr. Whitfield's parents telephoned 9-1-1 seeking assistance in obtaining medical care for their son.

10. Indianapolis police officers Steven Sanchez, Adam Ahmad, Matthew Virt, Dominique Clark, Jordan Bull, and Nicholas Mathew responded to the call.

11. The officers came into the house and spoke to Mr. Whitfield, but he did not appear to respond to them and at various times sat on his bed looking down and walked around the first floor of the house.

12. Approximately ten minutes after the first officers arrived, the officers used force to detain Mr. Whitfield.

13. Officer Sanchez discharged his taser twice on Mr. Whitfield.

14. Mr. Whitfield fell down to the ground.

15. Several of the defendant police officers placed their weight on Mr. Whitfield while he was on the floor.

16. The officers handcuffed Mr. Whitfield behind his back while he was on his stomach on the floor.

17. Mr. Whitfield stated repeatedly that he could not breathe.

18. The officers' training cautions officers to move restrained detainees from a prone to a seated position as soon as possible to assist in their breathing because of the dangers of positional asphyxiation.

19. Rather than sit Mr. Whitfield up, the officers left him lying on his stomach.

20. Mr. Whitfield stopped breathing.

21. Ambulance personnel came into the house, and performed CPR on Mr. Whitfield, but he was unresponsive.

22. Mr. Whitfield died because of the excessive force used against him.

23. The Marion County Coroner ruled that Mr. Whitfield's death was a homicide.

24. The Marion County Coroner determined that Mr. Whitfield died from "Cardiopulmonary Arrest in the Setting of Law Enforcement Subdual, Prone Restraint, and Conducted Electrical Weapon Use."

25. The force used against Mr. Whitfield was more than negligent.

26. Mr. Whitfield needed professional mental health care, not the use of excessive force.

27. Gladys and Herman Whitfield Jr. watched as the officers killed their son.

28. At all times relevant to this suit, the defendant officers were employed by the City of Indianapolis and acted within the course and scope of their employment as officers of the Indianapolis Metropolitan Police Department.

29. At all times relevant to this suit, the officers acted under color of state law.

30. Gladys and Herman Whitfield, Jr. timely served a Tort Claims Notice upon the Defendant City, which it has denied.

3

## V. Claims

31. The actions of the Defendant City's officers constituted a battery against Herman Whitfield III, causing his death and the infliction of emotional distress upon Gladys and Herman Whitfield Jr., actionable under the common law of Indiana and the Indiana's Tort Claims Act.

## VI. Jury Trial Requested

32. The Whitfields request a jury trial on their claim.

## VII. Relief Requested

33. The Whitfields seek all relief available under the law.

Respectfully submitted,

Dated: November 8, 2023

*/s/ Israel Nunez Cruz*
Israel Nunez Cruz

*/s/ Richard A. Waples*
Richard A. Waples

Attorneys for Plaintiff

Israel Nunez Cruz, Atty. No. 18319-49
**CRUZ LAW FIRM**
148 E. Market Street, Suite 501
Indianapolis, Indiana 46204
TEL: (317) 423-9668
FAX: (317) 423-9677
EMAIL: icruzlawfirm@gmail.com

Richard A. Waples, Atty. No. 2132-49
**WAPLES & HANGER**
410 N. Audubon Road
Indianapolis, Indiana 46219
TEL: (317) 357-0903
FAX: (317) 357-0275
EMAIL: rwaples@wapleshanger.com